UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENO E. WOODIS,<br>Booking No. 17137550,<br><br>                                Plaintiff,<br><br>                  vs.<br><br>LAW OFFICE OF GARY MARKS;<br>STATE OF CALIFORNIA,<br><br>                              Defendants. | Case No.: 3:17-cv-01527-LAB-RBB<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 8]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b)(1)** |

      DENO E. WOODIS ("Plaintiff"), while detained at the San Diego County Sheriff's Department Vista Detention Facility ("VDF") in Vista, California, first filed this civil action by submitting a Complaint on Sheriff's Department inmate stationary, invoking the Civil Rights Act, 42 U.S.C. § 1983, and naming the "Law Office of Gary Marks" and the State of California as Defendants, on July 24, 2017. *See* ECF No. 1.

      He has since filed an Amended Complaint naming the same Defendants, but this time alleging federal jurisdiction pursuant to 28 U.S.C. § 1331 and *Bivens v. Six*

*Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* ECF No. 7.

Plaintiff has failed to prepay the civil filing fees required by 28 U.S.C. § 1914(a), and has instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 8).

**I.    Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his Motion to Proceed IFP, Plaintiff has submitted a copy of his San Diego Sheriff's Department Account Activity. *See* ECF No. 8 at 7; *see also* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. This statement shows Plaintiff had a total of $100 "posted directly to [his] books," during the months of July and August, and that a $50.96 balance remained in his account as of August 21, 2017. *See* ECF No. 8 at 7. Based on this accounting, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 8), and assesses an initial partial filing fee of $10 pursuant to 28 U.S.C. § 1915(b)(1)(A).

However, the Court will direct the Facility Commander at VDF, or his designee, to collect this initial fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set out in 28 U.S.C. § 1915(b)(1).

///
///
///
///

**II. Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A**

A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss his complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting

///

this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   Plaintiff's Allegations

Plaintiff's Complaint, Amended Complaint, and several miscellaneous filings submitted in support, while difficult to decipher, all seek money damages against a private attorney and the State of California for erroneously having released a personal injury "settlement check" in the amount of $18,750 to his wife, Karen Woodis, while he was incarcerated at Soledad State Prison sometime in 1996 or early 1997. *See* ECF No. 1 at 2-4; ECF No. 7 at 3, 5; ECF No. 10 at 3-4. Plaintiff claims Defendants "defrauded" him in violation of his "constitutional right" to due process. ECF No. 1 at 4; ECF No. 7 at 3; ECF No. 10 at 3.

C.   42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983,[2] a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

D.   State of California

First, Plaintiff's pleadings fail to state a claim upon which relief can be granted because states are not "persons" subject to suit under § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Therefore, Plaintiff's § 1983 claims against the State of California are legally frivolous, *see Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir.1989),

---

[2] The Court notes that Plaintiff also invokes federal question jurisdiction pursuant to *Bivens*. *See* ECF No. 7 at 1. But neither the Law Offices of Gary Marks or the State of California are *federal* officers alleged to have violated Plaintiff's constitutional rights. *See Iqbal*, 556 U.S. at 675 (citing *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 66 (2001)).

5

3:17-cv-01527-LAB-RBB

1 *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130
(9th Cir. 2000) (en banc), and leave to amend them is denied. *Lopez*, 203 F.3d at 1127 n.8
("When a case may be classified as frivolous or malicious, there is, by definition, no
merit to the underlying action and so no reason to grant leave to amend."); *see also
Turner v. San Diego Cty.*, No. 14CV1965 LAB WVG, 2015 WL 5254610, at *3 (S.D.
Cal. Sept. 9, 2015), *appeal dismissed* (Apr. 5, 2016).

      E.    <u>Law Offices of Gary Marks</u>

Second, a "person" acts under color of state law when he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West,* 487 U.S. at 49. "The purpose of § 1983 is to deter *state actors* from using the badge of their authority to deprive individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000) (emphasis added) (citing *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)). Section 1983 does not allow such a claim to be brought against *private* parties who are not alleged to have not acted under color of state law. *West*, 487 U.S. at 49; *Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 746 (9th Cir. 2003) ("The United States Constitution protects individual rights only from *government* action, not from private action.") (emphasis in original). "Only when the *government* is responsible for a plaintiff's complaints are individual constitutional rights implicated." *Single Moms, Inc.*, 331 F.3d at 746-47 (citing *Brentwood Academy v. Tennessee Secondary School Athletic Assoc.*, 531 U.S. 288, 295 (2001)) (emphasis in original).

Therefore, because Plaintiff has failed to allege any plausible facts to suggest that his attorney acted in any way attributable to the state, he has not and cannot state a § 1983 claim for relief against Gary Marks or his Law Offices based on his representation, or any fraud or misconduct allegedly committed with respect to a personal

///
///
///

injury settlement check disbursed more than twenty years ago.³ *Id.*; *see also Polk v. Dodson*, 454 U.S. 312, 319 n.9 (1981) (attorneys appointed to represent indigent criminal defendants do not act "under color of state law"); *Miranda v. Clark County of Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (upholding dismissal of complaint on basis that public defender was not acting on behalf of county for purposes of section 1983 in representing plaintiff's interests); *Harkins v. Eldredge*, 505 F.2d 802, 805 (8th Cir. 1974) ("The conduct of counsel, either retained or appointed, in representing clients does not constitute action under color of state law for purposes of a § 1983 violation."); *accord Palmer v. Woodford*, No. 1:06-CV-00512-LJO, 2011 WL 3666712, at *11 (E.D. Cal. Aug. 22, 2011).

### III. Conclusion and Orders

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 8).

---

³ Even if Plaintiff *had* alleged facts sufficient to show state action, he admits, on the face of his pleadings, that the incident giving rise to his claim occurred in 1996 or 1997. *See* ECF No. 1 at 2; ECF No. 10 at 1. Thus, his claims far exceed California's statute of limitations for personal injury actions, even including the two additional years of statutory tolling provided for persons incarcerated at the time a cause of action accrues. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) ("A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)); *Wallace v. Kato*, 549 U.S. 384, 391 (2007) ("Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages."); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (§ 1983 claims are governed by forum state's statute of limitations for personal injury actions); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (noting that before 2003, CAL. CIV. PROC. CODE § 340(3) provided a one year statute of limitations applicable to personal injury actions; CAL. CIV. PROC. CODE § 352.1 entitles prisoners to two years of statutory tolling); *Mimms v. Lewis, et al.*, __ Fed. App'x __, No. 16-56868, 2017 WL 4461123, at *1 (9th Cir. Oct. 5, 2017).

2. **DIRECTS** the Facility Commander of the VDF, or his designee, to collect from Plaintiff's prison trust account the initial partial filing fee assessed by this Order, if those funds are available, and to forward the balance of the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Facility Commander, San Diego Sheriff's Department, Vista Detention Facility, 325 South Melrose Drive, Vista, California, 92081.

4. **DISMISSES** this civil action both as frivolous and for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) and denies leave to amend as futile. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted).

5. **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

7. **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: October 13, 2017

*[signature]*
Hon. Larry Alan Burns
United States District Judge